IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14058-CIV-MOORE/LYNCH

SUNBELT RENTALS, INC., a North
Carolina corporation,

       Plaintiff,

vs.

WILLIAM DIRIENZO,

       Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DE #2)
AND ORDER OF REFERENCE TO U.S. MAGISTRATE JUDGE FRANK J. LYNCH,
JR. PURSUANT TO 28 U.S.C. § 636 AND THE MAGISTRATE RULES OF THE LOCAL
RULES OF THE SOUTHERN DISTRICT OF FLORIDA**

THIS CAUSE is before the Court upon Plaintiff's Emergency Motion for Temporary

Restraining Order and Preliminary Injunction (DE #2).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being

otherwise fully advised in the premises, the Court enters the following Order.

**FINDINGS OF FACT**

1. Plaintiff SUNBELT RENTALS, INC. ("Plaintiff" or "Sunbelt") is a North Carolina

corporation with its principal place of business in South Carolina.  Sunbelt sells, rents, and

services construction, industrial, and manufacturing tools and equipment through branch offices.

2. Defendant WILLIAM DIRIENZO ("Defendant" or "Dirienzo") is a resident of the

State of Florida and is a former employee of Sunbelt whose primary work location was

Dockets.Justia.com

Sunbelt's[1] store located at 5390 US 1, Ft. Pierce, Florida, in St. Lucie County.

3. Dirienzo was hired on August 5, 2003, as an outside sales representative. As a condition of his employment, Dirienzo agreed to and signed a Confidentiality Agreement and Noncompete Agreement.[2] In exchange for signing this documents, Dirienzo continued his employment and Sunbelt authorized Dirienzo to access confidential information and paid Dirienzo remuneration and fringe benefits. Dirienzo's sales territory included St. Lucie County and Indian River County.

4. Defendant agreed, <u>inter alia</u>, to not disclose any confidential information of Sunbelt's and to not directly or indirectly work for or with any Sunbelt competitor for a period of six (6) months.

5. Dirienzo voluntarily terminated his employment with Sunbelt on November 15, 2006. At some point, Dirienzo commenced working for Volvo, a corporation engaging in the business of selling, renting, and servicing construction equipment, at Volvo's office in Port St. Lucie, Florida, in St. Lucie County.

6. Dirienzo is now performing services for Volvo that are in many respects identical to those he performed for Sunbelt and is allegedly using Sunbelt's confidential and proprietary business information in performing these services. Further, Dirienzo has contacted and solicited

---

[1] Defendant was originally hired by NationsRent, Inc., which was acquired in a one hundred percent (100%) stock purchase and merger by Sunbelt on September 1, 2006. Sunbelt subsequently assumed all of NationsRent's legal obligations. For ease of reference, the Court will use "Sunbelt" or "Plaintiff" to refer to both Sunbelt Rentals, Inc., and NationsRent, Inc., its predecessor in interest in this case.

[2] Dirienzo, as mentioned above, was employed by NationsRent at the time he signed both the Confidentiality Agreement and Non-Compete Agreement, however, both documents have specific language stating that they inure to the benefit of any successors in interest. <u>See</u> Compl., Ex. A & B.

Sunbelt customers. Some of these customers have ceased to do business with Sunbelt after contact from Dirienzo and have commenced doing business with Volvo, causing alleged economic harm to Sunbelt.

7. Sunbelt has attempted to resolve the issues at action here on at least three (3) occasions.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and complete diversity of citizenship exists between the parties.

2. In order to prevail on a motion for an *ex parte* temporary restraining order, Plaintiff must show that "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. Pro. 65(b). "An ex parte restraining order is an extreme remedy only to be used with the utmost caution." Levine v. Comcoa, Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995).

3. Once the moving party meets the threshold requirements of Rule 65(b) to secure an *ex parte* temporary restraining order, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest in order to obtain injunctive relief. Four Seasons Hotels and Resorts, B.V. v. Consorcio

Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

The Court finds that Plaintiff Sunbelt has met the foregoing requirements, and Sunbelt's motion should be granted.  It appears that the alleged misuse and disclosure of Sunbelt's confidential information, together with the solicitation of Sunbelt's customers, is ongoing, and the resulting harm to Sunbelt's goodwill in St. Lucie and Indian River Counties and the surrounding area is irreparable.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is GRANTED IN PART.  To the extent the motion requests a Temporary Restraining Order against Defendant, the motion is GRANTED.  It is further

ORDERED AND ADJUDGED that the Defendant is hereby temporarily enjoined and restrained from

(1)  Soliciting or attempting to solicit customers of Sunbelt with whom he had a relationship while employed by Sunbelt;

(2)  Attempting to seek or cause current customers of Sunbelt to refrain from their patronage of Sunbelt;

(3)  Soliciting or attempting to solicit any employee of Sunbelt who at any time during the six months immediately preceding the termination or expiration of the Noncompete Agreement was employed by Sunbelt;

(4)  Engaging in employment on behalf of his current employer, Volvo Rents, or any other direct competitor of Sunbelt within St. Lucie and Indian River Counties, or any county contiguous thereto, specifically, Brevard, Seminole, Oscecola, and Martin Counties; and

(5) Divulging Sunbelt's confidential information. It is further

ORDERED AND ADJUDGED that this temporary restraining order shall expire ten (10)

days after its entry. It is further

ORDERED AND ADJUDGED that this Order shall be binding upon the parties to this

action and all other persons or entities who receive actual notice of this Order by personal service

or otherwise. It is further

ORDERED AND ADJUDGED that

This Temporary Restraining Order is entered this *28th* day of March, 2007, at *9:30*

~~a.m.~~/p.m.

A hearing on Plaintiff's Motion for Preliminary Injunction will be held by Magistrate

Judge Frank J. Lynch, Jr., in his Chambers on the 2nd Floor of the U.S. Courthouse and Federal

Building, 300 South Sixth Street, in Fort Pierce, Florida.[3]

Plaintiffs shall forthwith serve Defendant, or his resident agent(s), or his counsel, with a

copy of this Order.

DONE AND ORDERED in Chambers at Miami this *28th* day of March, 2006.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    Counsel of record
       U.S. Magistrate Judge Frank J. Lynch, Jr.

---

[3] The date and time of the hearing will be set by U.S. Magistrate Judge Frank J. Lynch, Jr.