IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14058-CIV-MOORE/LYNCH

SUNBELT RENTALS, INC., a North
Carolina corporation,

    Plaintiff,

vs.

WILLIAM DIRIENZO,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO MODIFY INJUNCTION PENDING APPEAL

THIS CAUSE came before the Court upon the Plaintiff's Motion to Modify Injunction Pending Appeal (DE # 27) construed as a Motion for Reconsideration.

UPON CONSIDERATION of the Motion, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**     **Background**

Plaintiff Sunbelt Rentals, Inc. ("Plaintiff") is a corporation engaging in the business of selling, renting and servicing construction equipment. Plaintiff had employed Defendant William Dirienzo ("Defendant") as a sales representative to rent and sell equipment to customers. Defendant signed both non-compete and confidentiality agreements with Plaintiff. The non-compete agreement provided that the Defendant would not compete with Plaintiff for a period of six months following the termination of his employment. Defendant resigned from employment with Plaintiff effective November 15, 2006. Defendant took employment with Volvo Rents a corporation competing with Plaintiff in the same field of rental equipment. Plaintiff brought this action and a motion for a preliminary injunction claiming Defendant was

violating the non-compete and confidentiality agreements by working for Volvo Rents.

The Motion for Preliminary Injunction was referred to the Honorable Frank J. Lynch, United States Magistrate Judge. Magistrate Judge Lynch held a hearing on the issues involved, and then issued a Report and Recommendation dated April 6, 2007 (DE # 19), recommending that the Motion for Preliminary Injunction be granted in part. Magistrate Judge Lynch recommended that the preliminary injunction should run six months from the date of termination of employment, November 15, 2006, so the preliminary injunction should cease on May 15, 2007. On April 20, 2007, Plaintiff filed an Objection arguing that cases, in which Florida State courts had granted injunctions for the time period specified in the agreement starting from the time the injunction was first entered, rather than the time employment was terminated, required this Court to do the same. The Court decided that because an injunction is inherently equitable, the Court had discretion to have the injunction run for six months from the time of termination of employment. The Court held that Plaintiff could be adequately compensated by damages for any harm not covered by the preliminary injunction running from the time of employment.

Plaintiff now brings this Motion to Modify Injunction Pending Appeal and raises the same arguments raised in its Objection, that Florida case law requires the Court to grant a preliminary injunction of six months starting from the date the temporary restraining order was first entered. The Court has already considered these cases and arguments and decided to end the preliminary injunction six months from termination of employment. Plaintiff's Motion is now requesting this Court to reconsider its earlier order and extend the injunction to run for six months from time of entry of the injunction.

## II.   ANALYSIS

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a

strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Plaintiff's Motion raises the same cases and arguments that were litigated and decided in this Court's Order Denying Reconsideration (DE # 26). Plaintiff raises no new facts or law. Plaintiff does not point to an intervening change in controlling law. Plaintiff does not indicate that new evidence is now available. Plaintiff does not show clear error or manifest injustice. It appears that Plaintiff merely wants the Court to consider the same arguments again, but this is not proper in a Motion for Reconsideration. Socialist Workers Party, 957 F. Supp. at 1263. Therefore, Plaintiff's Motion does not satisfy the requirements for a motion to reconsider.

## IV.  CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Modify Injunction Pending Appeal (DE # 27) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record